UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-24519-CIV-SEITZ/SIMONTON

**SUNTRUST BANK,**

    **Plaintiff,**

**v.**

**LUIS A. FANDINO a/k/a LUIS FANDINO a/k/a
LUIS ANTONIO FANDINO a/k/a
LUIS EDUARDO FANDINO,**

    **Defendant.**
_____/

**ORDER GRANTING MOTION FOR
CONTINUING WRIT OF GARNISHMENT**

Presently pending before the Court is the Plaintiff's Motion for Issuance Writ of Garnishment (DE # 19).  The motion was referred to the undersigned Magistrate Judge by the Honorable Patricia A. Seitz, the District Judge assigned to the matter (DE # 20).  Based upon a review of the record as a whole, it is **ORDERED** that Plaintiff's Motion is **GRANTED**.

    I.    **BACKGROUND**

This post-judgment motion arises from a lawsuit in which Plaintiff Sun Trust Bank sued Defendant Luis A. Fandino for defaulting on payments due under an Equity Line Account Agreement related to real property (DE # 1).  On June 8, 2011, the Court issued a Final Default Judgment awarding Plaintiff $126,214.96, plus costs of the action (DE # 18). The Plaintiff seeks a continuing writ of garnishment against Mr. Fandino's wages from his employer Exelencia Importers Corp., in the amount of $127,871,13, consisting of the judgment amount and post-judgment interest at rate of .180% through January 10, 2012, plus post-judgment interest incurring thereafter, post-judgment costs and post-judgment

attorneys' fees.[1]

    II.    <u>ANALYSIS</u>

Under Florida law, "[e]very person or entity who . . . has recovered judgment in any court against any person or entity has a right to a writ of garnishment." Fla. Stat. § 77.01. Thus, having obtained a final judgment against Mr. Fandino, Plaintiff Sun Trust Bank is entitled to a writ of garnishment and it is not necessary to hold a hearing or provide notice prior to issuing the writ. *See United Presidential Life Ins. Co. v. King*, 361 So. 2d 710, 712-13 (Fla. 1978); *First Union Nat'l Bank of Fla. v. Knyal*, 874 So. 2d 716, 717 (Fla. 4th DCA 2004).

Motions for writs of garnishment to satisfy a final judgment "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69; *accord Communications Ctr., Inc. v. Komatsu*, No. 6:05-cv-1254-Orl-31UAM, 2008 WL 114920, at *1 (M.D. Fla. Jan. 8, 2008). The requirements for issuing a writ of continuing garnishment under Florida law are governed by statute. *See* Fla. Stat. § 77.01, *et seq.*; *Komatsu*, *supra*.

    A.    <u>Continuing Writ of Garnishment Against Salary or Wages</u>

Pursuant to Fla. Stat. § 77.0305,

> if salary or wages are to be garnished to satisfy a judgment, the court shall issue a continuing writ of garnishment to the judgment debtor's employer which provides for the periodic payment of a portion of the salary or wages of the judgment debtor as the salary or wages become due until the judgment is satisfied or until otherwise provided by court order.

The Florida Rules of Civil Procedure include a form for a Continuing Writ of Garnishment

---

[1] "Florida courts have interpreted the garnishment provisions to include garnishment of post-judgment interest." *Communications Ctr. v. Komatsu*, No. 6:05-cv-1254-Orl-31UAM, 2008 WL 114920, at * 1 (M.D. Fla. Jan. 8, 2008) (citing *First Union Nat'l Bank of Fla. v. Knyal*, 874 So. 2d 716, 717 (Fla. 4th DCA 2004)).

Against Salary or Wages.  Fla. R. Civ. P. Form 1.907(a)-(b).  Plaintiff attached a proposed Continuing Writ of Garnishment Form to its Motion.

Consistent with the Continuing Writ of Garnishment Form found in the Florida Rules, Plaintiff's proposed writ advises the garnishee, Exelencia Importer Corp., of its obligation to answer the writ within 20 days; asks Exelencia Importer Corp., to specify the defendant's payment period (i.e., weekly, bi-weekly, monthly, etc.) and the amount of his salary; directs the garnishee to withhold portions of Mr. Fandino's salary; and sets forth the method of calculating the appropriate amount to withhold in order to satisfy the judgment and any administrative costs.

In addition, the Plaintiff states in its Motion that the judgment entered by the Court against Mr. Fandino remained unpaid as the date of the filing of the Motion.  The undersigned therefore finds that it is appropriate to issue the Continuing Writ to garnish Mr. Fandino's wages.

### B.     Required Notices

The Plaintiff has also included a Notice to Defendant Of Right Against Garnishment of Wages, Money and Other Property with the proposed Writ (DE # 19-2 at 3-4).  However, the Motion is silent as to the requirement that Plaintiff serve the Defendant with the Writ of Garnishment.  Therefore, within the later of five business days after the continuing writ of garnishment is issued or three business days after the writ is served on the garnishee, Plaintiff must deliver to Mr. Fandino's last known address: a copy of the writ, the motion for the writ and the statutory notice contained in Fla. Stat. § 77.041(1).

In addition, pursuant to Fla. Stat. § 77.055, Plaintiff must file a certificate of service certifying that, "[w]ithin 5 days after service of the garnishee's answer," or "after

the time for the garnishee's answer has expired," Plaintiff has delivered to Mr. Fandino's last known address "a copy of the garnishee's answer, and a notice advising [him] that . . . he must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the . . . motion for writ of garnishment is untrue."

### C.     Required Fees

Finally, Florida law and the Local Rules require Plaintiff to post a statutorily-mandated fee prior to the issuance of a writ of garnishment. Under Florida law, "[b]efore issuance of any writ of garnishment, the party applying for it shall deposit $100 in the registry of the court." Fla Stat. § 77.28. The Local Rules echo this requirement. S.D. Fla. L.R. 67.1 (c) ("A party applying for the issuance of a writ of garnishment shall deposit the amount prescribed by applicable Florida law in the non-interest bearing registry of the Court."). Based upon a review of the record, it does not appear that Plaintiff has yet deposited the required fee. Thus, prior to the issuance of the writ of garnishment, Plaintiff must file a notice with the Court confirming his compliance with Fla. Stat. § 77.28 and S.D. Fla. L.R. 67.1. It is, accordingly,

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Issuance Writ of Garnishment (DE # 19) is **GRANTED** as follows:

1.     Plaintiff shall file a Notice with this Court certifying that it has complied with any applicable state and federal laws and rules concerning the deposit of fees prior to the issuance of a writ of garnishment, including Fla. Stat. § 77.28 and S.D. Fla. L.R. 67.1.

2.     Upon Plaintiff's deposit of the required fees into the registry of the Court

and the filing of Plaintiff's Notice of Compliance, the Clerk of the Court shall issue the Continuing Writ of Garnishment Against Salary or Wages as it appears in the Post-Judgment Writ of Garnishment attached to the Motion for Continuing Writ of Garnishment (DE # 19-2).

3. The U.S. Marshal shall serve the Continuing Writ of Garnishment upon the garnishee, Exelencia Importers Corp., consistent with all applicable rules and laws concerning the service of a writ of garnishment upon a garnishee.

4. Within five business days after the writ is issued or within three business days after the writ is served on the garnishee, whichever is later, Plaintiff shall serve Mr. Fandino, at his last known address, a copy of: (i) the continuing writ of garnishment, (ii) the motion for the writ (DE # 19), and (iii) the statutory notice contained in Fla. Stat. § 77.041(2); and

5. Within five days of service of the garnishee's answer on Plaintiff or after the time for the garnishee's answer has expired, Plaintiff shall file a certificate of service certifying that Defendant served, by mail at Mr. Fandino's last known address, a copy of: (i) the garnishee's answer, and (ii) a notice advising Ms. Fandino that he must move to dissolve the writ within twenty days after the date indicated on the certificate of service if any allegation in the Plaintiff's Motion for Issuance of Writ of Garnishment is untrue.

**DONE AND ORDERED** in chambers in Miami, Florida on March 26, 2012.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies via CM/ECF to:
The Honorable Patricia A. Seitz
    United States District Judge
All counsel of record